RONALD D. TRAFF *et al.*, Plaintiffs-Appellants, *v.* AMERICAN FINANCE CORPORATION OF ILLINOIS, Defendant-Appellee.

Third District   No. 78-382

Opinion filed October 25, 1979.

Barry M. Barash, of Barash & Stoerzbach, of Galesburg, for appellants.

Barney Olson, II, Ltd., of Galesburg, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

On March 13, 1978, plaintiffs-appellants, Traffs, filed a complaint in the Circuit Court of Knox County against the defendant-appellee, American Finance Corporation (American), alleging that the defendant had violated certain provisions of the Illinois Consumer Installment Loan Act (Large Loan Act) (Ill. Rev. Stat. 1975, ch. 74, par. 51 *et seq.*), the

Illinois Uniform Commercial Code (UCC) (Ill. Rev. Stat. 1975, ch. 26, par. 1—101 *et seq.*), and the Illinois Consumer Fraud Act (Ill. Rev. Stat. 1975, ch. 121½, par. 261 *et seq.*). Plaintiffs and defendant filed cross motions for summary judgment. On May 1, 1978, the trial court allowed the defendant's motion for summary judgment and denied the plaintiffs' motion for summary judgment and entered judgment accordingly against the plaintiffs. Plaintiffs' motion for rehearing was denied and plaintiffs appealed the judgment.

We reverse.

On February 24, 1976, the Traffs borrowed money from American and executed a note, security agreement and financing statement in favor of American. The security agreement read in pertinent part:

"A. SECURITY AGREEMENT: This loan is secured by a Security Agreement bearing the above date of loan covering the collateral described below in (1) and (2) and which secures future and other indebtedness and covers after-acquired property other than consumer goods (excluding accessions) which are acquired more than ten days after the Secured Party gives value

(1) All of the household consumer goods of every kind now owned or hereafter acquired by the Borrower(s) in replacement of said consumer goods (and proceeds) now or hereafter located in or about the residence of the Borrower(s) above set forth including, but not limited to those items described on Schedule A * * *."

Plaintiffs argue that the phrase in (1), above, overstates the security interest permissible under section 9—204(2) of the UCC which reads:

"No security interest attaches under an after-acquired property clause to consumer goods other than accessories * * * when given as additional security unless the debtor acquires rights in them within 10 days after the secured party gives value."

Plaintiffs contend that this overstatement is a violation of the Large Loan Act. Defendant responds that the 10-day limitation language in the sentence preceding the alleged overstatement adequately describes and limits the claimed security interest so as to avoid any violations of the UCC and the Large Loan Act.

■■ The reason for enacting truth in lending acts is to ensure a meaningful disclosure of credit terms so that the consumer will be able to compare the various credit terms available to him and avoid the uninformed use of credit. To this end the Large Loan Act requires credit disclosures to be made "clearly, conspicuously and in meaningful sequence." Ill. Rev. Stat. 1975, ch. 74, par. 66.

■■■ We do not believe that the security agreement in the instant case clearly and meaningfully disclosed the credit terms of the transaction to

the consumer. While we agree with the defendant, American, that the 10-day limitation language is in accordance with the interest permitted under the UCC, the language in the following phrase serves to obfuscate the interest and confuse the consumer. The security agreement purports to secure an interest in replacements of consumer goods. It is well established that replacements are not synonymous with proceeds as defined by UCC section 9—306(1). (Ill. Rev. Stat. 1975, ch. 26, par. 9—306(1); *Tinsman v. Moline Beneficial Finance Co.* (7th Cir. 1976), 531 F.2d 815.) While the secured party has a continuing interest in the proceeds from the sale of consumer goods notwithstanding the 10-day limitation language, replacements of consumer goods are subject to the 10-day limitation language. Replacements (as opposed to proceeds) of consumer goods bought more than 10 days after the giving of value are not subject to a security interest of the lender. See *Tinsman*.

■ If defendant's intent was to inform consumers that only replacements bought within 10 days will be subject to a security interest, its phraseology fails. The natural reading of the security agreement leads an ordinary consumer to believe that there was a security interest in consumer goods bought within 10 days of the loan and also in replacements for those consumer goods bought any time in the future. That is a security interest that is clearly impermissible under the UCC, and thus the language is misleading. The after-acquired property clause does not "clearly, conspicuously and in meaningful sequence" disclose the security interest set forth. For this reason the agreement is violative of the Large Loan Act.

We do not reach the issue of damages in this case as that is an issue for the trial court to decide. For the reasons stated above we reverse and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

ALLOY and SCOTT, JJ., concur.